1  Danielle Morris (S.B. # 246295)
   dmorris@omm.com
2  O'MELVENY & MYERS LLP
   610 Newport Center Drive, 17th Floor
3  Newport Beach, California 92660
   Telephone: (949) 823-6900
4  Facsimile: (949) 823-6994

*Attorney for Defendant Bank of America Corp.*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CHEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, a Delaware corporation; and DOES 1-100, inclusive<br><br>Defendants. | Case No. **'23CV1762 LAB DEB**<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>(San Diego Superior Court Case No. 37-2023-00035069-CU-MC-CTL) |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF JEFFREY CHEN AND PLAINTIFF'S ATTORNEYS OF RECORD:**

Pursuant to 28 U.S.C. §§ 1332(d), 1441(d), and 1446, defendant Bank of America Corporation[1] ("Bank of America") hereby files this Notice of Removal,

---

[1] The Complaint erroneously names Bank of America Corporation as defendant in this action. Plaintiff maintained his credit card accounts with Bank of America,

1  removing this action brought by plaintiff Jeffrey Chen ("plaintiff") from the
2  Superior Court of the State of California, County of San Diego, where the action is
3  currently pending, to this Court pursuant to 28 U.S.C. § 1332(d), as amended by the
4  Class Action Fairness Act of 2005.  Bank of America states the following grounds
5  for removal:

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

7      1.    On August 25, 2023, Bank of America was served with a Summons
8  and Complaint that had been filed on August 15, 2023, a true and correct copy of
9  which is attached hereto collectively as **Exhibit A**.  The action was brought as a
10 putative class action in the Superior Court for the State of California, County of San
11 Diego, styled and captioned exactly as above, and assigned Case No. 37-2023-
12 00035069-CU-MC-CTL.  On September 25, 2023, Bank of America filed a General
13 Denial to the Complaint in the Superior Court of the State of California, County of
14 San Diego, a copy of which is attached hereto as **Exhibit B**.  No other process,
15 pleadings, or orders have been filed and served in this action, and no other
16 defendant has been named or served.

17     2.    Plaintiff asserts three causes of action in his Complaint, alleging
18 violations of the Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et*
19 *seq.*, the False Advertising Law ("FAL"), Business & Professions Code §§ 17500,
20 *et seq.*, and the Unfair Competition Law ("UCL"), Business & Professions Code §§
21 17200, *et seq.*  Plaintiff challenges Bank of America's online automatic-payment
22 option for credit cards ("AutoPay"), arguing that Bank of America cancelled his
23 AutoPay without notice due to his credit-card account inactivity.  (Compl. ¶ 1.)

---

N.A. ("BANA"), a nationally chartered banking institution and indirect subsidiary of Bank of America Corporation.  Plaintiff executed credit card agreements related to those accounts with BANA and was charged any late fees by BANA.  By removing this action, Bank of America Corporation does not waive, and explicitly reserves, any and all rights to correct plaintiff's erroneous naming of Bank of America Corporation in this action.

- 2 -

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

3. This Notice of Removal has been filed within thirty days of service on Bank of America, and, as no other defendant has been named or served, the requirement of 28 U.S.C. § 1446(b) requiring removal within thirty days of service of the first defendant has been satisfied. Therefore, this Notice of Removal has been timely filed. *See Osgood v. Main Streat Mktg., LLC*, 2016 WL 6698952, at *1 (S.D. Cal. Nov. 15, 2016).

### BASIS FOR REMOVAL: CLASS ACTION FAIRNESS ACT OF 2005 ("CAFA")

4. This Court has subject matter jurisdiction over this action pursuant to CAFA, 28 U.S.C. § 1332(d), because this is a putative class action in which: (i) there are 100 or more members in plaintiff's proposed class; (ii) at least some members of the proposed class, including plaintiff, have a different citizenship from one or more defendants; (iii) the proposed class members, in the aggregate, seek a sum or value of $5,000,000 (exclusive of interest and costs); and (iv) no exceptions to CAFA apply. *See* 28 U.S.C. §§ 1332(d)(2)(A) & 5(B); *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (explaining that "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant" (quotations omitted)).[2] These four conditions are satisfied here for the reasons set out below.

5. ***First***, plaintiff seeks a proposed class with over one hundred members as required for CAFA jurisdiction under 28 U.S.C. § 1332(d)(5)(B). Plaintiff seeks to represent a class comprising "[a]ll clients of Defendant whose credit cards are enrolled under the Bill Pay autopay program" excluding Defendant's directors and officers. (Compl. ¶ 35.) According to BANA's records, in 2022 alone, over 2.7 million Bank of America clients were enrolled in AutoPay. (Decl. ¶ 5).

---

[2] Bank of America does not waive, and expressly reserves, all arguments that this matter is improper for both class certification and as a non-class representative action.

6. **Second**, minimal diversity exists under 28 U.S.C. §§ 1332(d)(2)(A). Plaintiff is a citizen of the State of California, residing in San Diego. (Compl. ¶ 6). For purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "The term 'principal place of business' means 'the place where a corporation's officers direct, control, and coordinate the corporation's activities.'" *Martinez v. Michaels*, 2015 WL 4337059, at *3 (C.D. Cal. July 15, 2015) (*quoting Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010)). Bank of America is a Delaware corporation with its principal place of business in North Carolina as its headquarters—as well as the majority of its administrative, executive, and support functions—are centralized in Charlotte, North Carolina and the company controls and directs its nationwide operations from North Carolina. (Decl. ¶ 2). Accordingly, Bank of America is a citizen of Delaware and North Carolina for diversity purposes. *See, e.g.*, *Sun v. Bank of Am. Corp.*, 2010 WL 454720, at *1 (C.D. Cal. Feb. 8, 2010); *Hill v. Bank of Am. Corp.*, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006). Plaintiff is therefore a citizen of a state different from Bank of America within the meaning of 28 U.S.C. § 1332(d)(2)(A).[3]

7. **Third**, plaintiff has put more than $5,000,000 "in controversy" within the meaning of 28 U.S.C. § 1332(d)(2). "To remove a case pursuant to CAFA, 'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Petkevicius v. NBTY,*

---

[3] The same result would follow even if plaintiff had named BANA in this action. BANA is a federally chartered national banking association formed and existing under the laws of the United States. (Decl. ¶ 3). "[A] national bank is a citizen only of the state in which its main office is located." *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709 (9th Cir. 2014). BANA's main office, as set forth in its articles of association, is in North Carolina. (Decl. ¶ 3). Accordingly, BANA is a citizen of North Carolina for diversity purposes. *See, e.g.*, *Jenkins v. Bank of America, N.A.*, 2015 WL 331114, at *5 (C.D. Cal. Jan. 26, 2015).

*Inc.*, 2017 WL 1113295, at *3 (S.D. Cal. Mar. 24, 2017) (*quoting Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). Although Bank of America expressly denies all of the allegations in the Complaint, and further denies that plaintiff and/or any putative class member is entitled to any relief based on the allegations in the Complaint, given the size of the proposed class and the breadth of the claims alleged and relief sought, plaintiff has put more than $5,000,000 in controversy. Plaintiff admits as much when he says that Bank of America has been "unjustly enriched by receipt of hundreds of millions of dollars in ill-gotten gains from Plaintiff, the Class, and other consumers who signed up for the Credit Card and the Bill Pay program," for which plaintiff seeks restitution. (Compl. ¶¶ 1, 59.)

8.  In addition, plaintiff seeks to recover his attorneys' fees pursuant to the Consumers Legal Remedies Act, (Compl. ¶ 52.), which may be included in calculating the amount in controversy, *see Petkevicius*, 2017 WL 1113295, at *11 ("Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.") (quoting *Galt G/S v. JSS Scandanavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)); *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994 (9th Cir. 2007) (including attorneys' fees in calculating amount in controversy), *overruled on other grounds by Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013).

9.  Plaintiff also seeks an injunction pursuant to the Consumers Legal Remedies Act and Cal. Bus & Prof. Code §§ 17203 and 17535. (Compl. ¶¶ 52, 60, 74.) The cost of compliance with such an injunction—which is also properly considered when calculating the amount "in controversy"—will further increase the amount in controversy beyond the jurisdictional threshold. *See, e.g., Bayol v. ZipCar, Inc.*, 2015 WL 4931756, at *10 (N.D. Cal. Aug. 18, 2015) (recognizing that the cost of a possible injunction could be properly included to determine CAFA's amount in controversy). In short, and although Bank of America denies

1  plaintiff's claims in their entirety, the amount "in controversy" in this action
2  exceeds five million dollars as required by 28 U.S.C. §§ 1332(d)(2) and 1332(d)(6).

3      10.   **Fourth**, no CAFA exception applies to the present case.  Neither the
4  "Local Controversy Exception" nor the "Home State Exception" applies here
5  because Bank of America is not a citizen of California, the state in which the action
6  was originally filed.  *See* 28 U.S.C. §§ 1332(d)(4)(A)(i)(II)(cc), 1332(d)(4)(B).

7      11.   Accordingly, all of the requirements for federal jurisdiction under 28
8  U.S.C. § 1332(d) are satisfied, and removal of this action is proper under 28 U.S.C.
9  §§ 1441, 1446, and 1453.

## VENUE

12. Plaintiff's state court action was commenced in the Superior Court of the State of California for the County of San Diego, and pursuant to 28 U.S.C. §§ 84(d) and 1446(a), (b), and (c), may be removed to this United States District Court for the Southern District of California, which embraces San Diego County within its jurisdiction.

## CONCLUSION

13. For the reasons discussed herein, pursuant to 28 U.S.C. §§ 1332 and 1441(d), and under the principles of CAFA jurisdiction, this state court action may be removed to this Federal District Court.

**WHEREFORE**, Bank of America requests that this action be brought to this Court, and that this Court exercise its jurisdiction in these premises.

- 6 -

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

Dated: September 25, 2023

DANIELLE MORRIS
O'MELVENY & MYERS LLP

By:   */s/ Danielle Morris*
      Danielle Morris

*Attorney for Defendant Bank of America Corp.*