# Exhibit A


## Service of Process Transmittal Summary

**TO:**    Ca Legalit
Bank of America
31303 AGOURA ROAD, CA6-917-02-18
WESTLAKE VILLAGE, CA 91361-4635

**RE:**    **Process Served in California**

**FOR:**    Bank of America Corporation  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JEFFREY CHEN, on behalf of himself and all others similarly situated vs. BANK OF AMERICA CORPORATION |
| **DOCUMENT(S) SERVED:** | Summons, Class Complaint, Cover Sheet, Notice(s), Attachment(s), Stipulation |
| **COURT/AGENCY:** | San Diego County - Superior Court, CA<br>Case # 37202300035069CUMCCTL |
| **NATURE OF ACTION:** | Class Complaint for Violation of The Consumer Legal Remedies Act, the False Advertising Law and the Unfair Competition Law |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/25/2023 at 07:09 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | James M. Treglio<br>Potter Handy, LLP<br>100 Pine St., Ste 1250<br>San Francisco, CA 94111<br>858-375-7385 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/25/2023, Expected Purge Date: 08/30/2023<br><br>Image SOP<br><br>Email Notification,  Ca Legalit  calegalit@bofa.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other



information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Fri, Aug 25, 2023
**Server Name:**                     Robert Diaz

| Entity Served | BANK OF AMERICA CORPORATION |
|---|---|
| Case Number | 37-202300035069-CU-MC-CTL |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BANK OF AMERICA CORPORATION, a Delaware corporation; and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JEFFREY CHEN, on behalf of himself and all others similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/15/2023** at 11:52:30 PM

Clerk of the Superior Court
By Brandon Krause,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* San Diego County Superior Court | CASE NUMBER: 37-2023-00035069-CU-MC-CTL |
|---|---|

Hall of Justice Courthouse, 330 West Broadway, San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James M. Treglio; Potter Handy, LLP; 100 Pine St., Ste 1250, San Francisco, CA 94111; (858) 375-7385

| DATE: 08/21/2023 *(Fecha)* | Clerk, by *(Secretario)* | *B Krause* **B. Krause** | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* BANK OF AMERICA CORPORATION

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**SUMMONS**

**POTTER HANDY LLP**
Mark D. Potter (SBN 166317)
mark@potterhandy.com
James M. Treglio (SBN 228077)
jimt@potterhandy.com
100 Pine St., Ste 1250
San Francisco, CA 94111
(858) 375-7385
Fax: (888) 422-5191

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**08/15/2023** at 11:52:30 PM
Clerk of the Superior Court
By Brandon Krause,Deputy Clerk

Attorneys for Plaintiff, on behalf of himself and all others similarly situated

## SUPERIOR COURT OF CALIFORNIA

## BY AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JEFFREY CHEN, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, a Delaware corporation; and DOES 1-100, inclusive<br><br>Defendants. | CASE NO. 37-2023-00035069-CU-MC-CTL<br><br>**CLASS COMPLAINT FOR VIOLATIONS OF:**<br><br>**(1) THE CONSUMER LEGAL REMEDIES ACT (Civil Code § 1750, et seq.,);**<br><br>**(2) THE FALSE ADVERTISING LAW (Business and Professions Code § 17500, et seq.,); and**<br><br>**(3) THE UNFAIR COMPETITION LAW (Business & Professions Code § 17200, et seq.).**<br><br>**DEMAND FOR JURY TRIAL** |

Class Representative Plaintiff Jeffrey Chen ("Plaintiff"), by and through his attorneys, individually and on behalf of others similarly situated, alleges upon information and belief as follows:

## INTRODUCTION

1. This is a consumer class complaint seeking restitution of all monies unlawfully earned by Defendant Bank of America Corporation ("BOA" and/or "Defendants") for the Bill Pay autopay program ("Bill Pay") on their credit cards ("Credit Card"). Defendants have consistently failed to inform the public, including Plaintiff, that Bill Pay will be automatically cancelled after a certain amount of time that a Credit Card is inactive.

2. This is a class action alleging violations of the Consumer Legal Remedies Act ("CLRA"), Civil Code § 1750, *et seq.*, the False Advertising Law ("FAL"), Business & Professions Code § 17500, *et seq.*, and the Unfair Competition Law ("UCL"), Business & Professions Code §17200, *et seq.*, that seeks, among other things, injunctive relief, restitution, and disgorgement to remedy Plaintiff, a holder of the Credit Card resulting decades of Defendants' on-going failure to inform their clients that Bill Pay will be automatically cancelled after a certain amount of time that a Credit Card is inactive. This action further seeks to remedy Defendants' unfair, unlawful, and fraudulent business practices, and to ensure that all California consumers are warned that their Bill Pay registration will be automatically cancelled if they do not use their Credit Card for a certain period of time before registering for Bill Pay and/or availing of the Credit Card.

3. This class action is brought on behalf of Plaintiff and a putative class defined as all clients of Defendant whose credit cards are enrolled under the Bill Pay autopay program ("the "Class," or the "Class Members").

4. Class Representative Plaintiff does not seek any relief greater than or different from the relief sought for the Class of which Plaintiff is a member. The action, if successful, will enforce an important right affecting the public interest and would confer a significant benefit, whether pecuniary or non-pecuniary, for a large class of persons. Private enforcement is necessary and places a disproportionate financial burden on Class Representative Plaintiff in relation to Class Representative Plaintiff's stake in the matter.

1

## PARTIES, VENUE AND JURISDICTION

5.    This Court has jurisdiction over this action under California Code of Civil Procedure § 410.10. The aggregated amount of damages incurred by Plaintiff and the Class exceeds the $25,000 jurisdictional minimum of this Court. The amount in controversy as to the Plaintiff individually and each individual Class member does not exceed $75,000, including interest and any pro rata award of attorneys' fees, costs, and damages. Venue is proper in this Court under California Bus. & Prof. Code § 17203, Code of Civil Procedure §§ 395(a) and 395.5 because Defendant does business in the State of California and in the County of San Diego. Defendant does business in the County of San Diego, which has caused both obligations and liability of Defendant to arise in the County of San Diego.

6.    Class Representative Plaintiff Jeffrey Chen is a citizen of the State of California, and a resident of San Diego County. For several years now, Plaintiff is a holder of Defendant's Credit Card and enrolled in the Bill Pay autopay program. In or about June 2023, Plaintiff found out that his autopay registration was automatically cancelled and he was unenrolled from the Bill Pay program since he has not used his Credit Card for about a year now. Plaintiff belatedly found out that his enrolled autopay accounts were no longer being paid, causing them to be overdue and reported to the credit bureaus, thereby impacting Plaintiff's credit rating. Had Plaintiff been aware that Bill Pay would be automatically cancelled due to non-use of the Credit Card, Plaintiff would never have enrolled in the program.

7.    Defendant Bank of America Corporation is a Delaware corporation that is transacting and conducting substantial business within the State of California. Bank of America is one of the world's largest financial institutions, serving individuals, small- and middle-market businesses and large corporations with a full range of banking, investing, asset management and other financial and risk management products and services. The company serves approximately 56 million U.S. consumer and small business relationships. It is among the world's leading wealth management companies and is a global leader in corporate and investment banking and trading. Among the products Defendants offer is a Credit Card that can be enrolled in a Bill Pay autopay program.

2

8. At all pertinent times, Defendants were engaged in the business of marketing, promoting, selling, and/or distributing the Credit Card. At all pertinent times, Defendants regularly transacted, solicited, and conducted business in all States of the United States, including the State of California.

9. Defendants have derived substantial revenue from goods and products purchased and used in the State of California. Defendants expected or should have expected its acts to have consequences within the State of California, and derived substantial revenue from interstate commerce.

10. Defendants DOES 1-100 are the fictitious names of corporations, partnerships or other business entities or organizations whose identities are not presently known and that participated in a conspiracy with other corporations, partnerships or other business entities or organizations, including the named Defendants herein, and/or marketed, supplied, distributed, and/or otherwise placed in the stream of commerce the Credit Card with the Bill Pay autopay program without warnings to which Plaintiff and the consuming public in this State about the automatic cancellation of the Bill Pay registration for non-use of the Credit Card.

## FACTUAL BACKGROUND

11. Defendants offer the Credit Card to consumers and promotes their Bill Pay autopay program where clients can enroll their bills for payment with a BOA checking and/or savings account, including BOA credit cards, while BOA credit cards can be paid with a BOA or external bank account. Plaintiff and the Class Members are made to sign Credit Card Agreements and other documents upon enrollment in the Bill Pay program. However, none of these documents mention that the Bill Pay enrollment will be automatically cancelled if the Credit Card is not used for a certain period of time.

12. Defendants' advertisements and promotional materials regarding the Bill Pay program likewise do not mention that clients are required to use their Credit Card on a regular basis to keep their Bill Pay registrations active. For instance, in the Mobile and Online Bill Pay[1] section of their website, Defendants only talk about the steps on how to pay a bill using Bill Pay, without mentioning any conditions to maintain the Bill Pay enrollment.

---

[1] https://promotions.bankofamerica.com/digitalbanking/mobilebanking/billpay , last visited on 6/11/2023.

3

13. Defendants' more detailed section on their website on the Bill Pay program contained in the How Online Bill Pay Works[2] section provides demos on how to use Bill Pay. Unfortunately, it is utterly lacking in providing warnings of how non-use of the Credit Card could lead to the automatic cancellation of the Bill Pay registration, non-payment of the enrolled bills causing them to be overdue, reported to the credit bureaus, and thereby affecting Plaintiff and the Class' credit standings.

14. Finally, Defendants provide a more detailed explanation on the features of Bill Pay and how it works in the Bill Pay and eBills FAQs[3] section of their website. While Defendants could have used this space and opportunity to discuss the requirement of continued use of the Credit Card to keep the Bill Pay registration active, they negligently failed to do so.

15. Defendants made false statements to Plaintiff, the Class Members, the general public, news media and government agencies regarding the Credit Card and the Bill Pay program, which, in turn, proximately caused Plaintiff's and the Class Members' harm through intentional efforts to deceive the general public and regulatory authorities as to the Credit Card and the Bill Pay program.

16. Because of Defendants' false statements and lack of disclosure, Plaintiff and the Class Members were erroneously assured that their bills were being paid continuously even if they were not using the Credit Card, only to find out later on that their registration to the Bill Pay program has been automatically cancelled, their bills were now overdue, and their credit ratings affected because these overdue accounts were reported to the credit bureaus.

17. To this day, many Class Members and consumers remain unaware of Defendants' practice of automatically cancelling Bill Pay registrations when a Credit Card has not been used for a certain period of time.

18. Defendants have always failed to disclose in their marketing materials and Credit Card Agreement that Bill Pay registrations will be automatically cancelled due to Credit Card inactivity.

19. Defendants, collectively and through explicit agreement and consciously parallel behavior, controlled the level of knowledge and information available to the public, including

---

[2] https://promotions.bankofamerica.com/digitalbanking/mobilebanking/billpay, last visited 6/11/2023.

[3] https://www.bankofamerica.com/online-banking/ebills-faqs/ , last visited 6/11/2023.

4

Plaintiff and the Class, regarding the automatic cancellation of Bill Pay registrations for non-use of a Credit Card.

20. Defendants, through agreement and consciously parallel behavior, knowingly and intentionally withheld this information on Bill Pay automatic cancellation, released, published and disseminated inaccurate and misleading data, containing misinformation and false statements regarding the need for Credit Card use to maintain a Bill Pay registration.

21. Defendants, deliberately chose to ignore the impact of this non-disclosure on the credit standings of Plaintiff and the Class Members and embarked upon a plan of deception intended to deprive the public at large in this State and elsewhere, including Plaintiff and the Class, of the effect of non-use of a Credit Card on the Bill Pay registration, which information remained in Defendants' exclusive possession and under their exclusive control.

22. Defendants conspired and/or acted in concert with each other and/or with other entities through agreement and consciously parallel behavior to falsely represent and withhold from consumers including Plaintiff and the Class Members information that a Bill Pay registration will be automatically cancelled if the Credit Card is not used for a certain period of time, which would lead to the bills linked to that registration to be overdue, reported to the credit bureaus, and thereby affecting their credit standings.

23. Plaintiff and the Class reasonably, and in good faith, relied upon the false and fraudulent representations made by Defendants regarding the Bill Pay program and were, therefore, deprived of an opportunity to make informed decisions concerning enrolling their Credit Card in the Bill Pay program.

24. Government regulatory bodies, and ultimately Plaintiff, the Class, and the general consuming public of this State, directly and/or indirectly relied upon Defendants' false representations regarding the Bill Pay program.

25. Defendants, through agreement and consciously parallel behavior, intentionally failed to warn consumers, including Plaintiff, the Class, and the general consuming public in this State, of the serious effect that non-use of the Credit Card can have on their Bill Pay enrollment and their credit standing.

26. It should be further noted that BOA charges numerous fees if a Credit Card is past due such as a late fee of $19 if the balance is $100 or less, and up to a maximum of $49 on a balance of $5,000 or more; plus a penalty APR of 29.99% may apply to the current balance (not just the past-due balance, but everything posted to the credit card account).

27. At all times relevant to this action, Defendants have knowingly exposed California consumers to risks of having negative and/or lower credit standings without clear and reasonable warning to such individuals.

28. At all times relevant to this action, Defendants have failed to warn California consumers, including Plaintiff and the Class, on the effect of the non-use of a Credit Card on one's Bill Pay registration.

29. At all times relevant to this action, Defendants have failed to place a clear and reasonable warning regarding the Bill Pay registration on their marketing materials.

30. At all times relevant to this action, Defendants have failed to place a clear and reasonable warning regarding the Bill Pay registration on their branches.

31. At all times relevant to this action, Defendants have failed to place a clear and reasonable warning regarding the Bill Pay registration on their website and other social media accounts.

32. Further, by failing to place a clear and reasonable warning on their websites, products, or advertising, Defendants both actively and passively asserted to Plaintiff, the Class, and the general consuming public, that their bills will be automatically paid once they are enrolled in the Bill Pay program, when, as alleged above, they were not if the Credit Card was not used for a certain amount of time.

33. For several years now, Plaintiff is a holder of Defendant's Credit Card and enrolled in the Bill Pay autopay program. In or about June 2023, Plaintiff found out that his autopay registration was automatically cancelled and he was unenrolled from the Bill Pay program since he has not used his Credit Card for about a year now. Plaintiff belatedly found out that his enrolled autopay accounts were no longer being paid, causing them to be overdue and reported to the credit bureaus, thereby impacting Plaintiff's credit rating.

6

34.     Upon further research, Plaintiff learned that this issue has impacted a lot of Defendants' clients, who, like Plaintiff, were unaware that because of the non-use of their Credit Card, their Bill Pay registrations were cancelled, their bills were left unpaid and overdue and reported to the credit bureaus, negatively affecting their credit ratings.

## CLASS ACTION ALLEGATIONS

35.     Class Representative Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated.  The putative class that Class Representative Plaintiff seeks to represent is composed of:

> All clients of Defendant whose credit cards are enrolled under the Bill Pay autopay program (hereinafter the "Class").

> Excluded from the Class are the natural persons who are directors, and officers, of the Defendant.  Class Representative Plaintiff expressly disclaims that he is seeking a class-wide recovery for personal injuries attributable to Defendant's conduct.

36.     Plaintiff is informed and believes that the members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of the Class members is unknown to Class Representative Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant.

37.     There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Class Representative Plaintiff's claims are typical of the members of the class, and Class Representative Plaintiff can fairly and adequately represent the interests of the Class.

38.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class.  Among the questions of law and fact common to the Class are:

    (a)    Whether Defendant engaged in unfair or deceptive acts or practices with regard to the Credit Card's Bill Pay autopay registration in violation of the Consumer Legal Remedies Act ("CLRA");

    (b)    Whether Defendant made false and/or misleading statement with regard to the Credit Card's Bill Pay autopay registration in violation of the False Advertising Law ("FAL");

    (c)    Whether Defendant engaged in an unfair practice and violated section 17200 of the California Business and Professions Code by engaging in unfair or deceptive acts or

7

practices and providing false and/or misleading information with regard to the Credit Card's Bill Pay autopay registration in violation of the CLRA and FAL;

(d) Whether Plaintiff and the Class are entitled to restitution under Business and Professions Code § 17200;

(e) The proper formula(s) for calculating damages, interest, and restitution owed to Plaintiff and the Class Members;

(f) The nature and extent of class-wide damages.

Class Representative Plaintiff's claims are typical of those of the other Class members because Class Representative Plaintiff, like every other Class member, was exposed to virtually identical conduct and is entitled to the same relief under the FAL, CLRA, and the UCL.

39. Class Representative Plaintiff will fairly and adequately protect the interests of the Class. Moreover, Class Representative Plaintiff has no interest that is contrary to or in conflict with those of the Class he seeks to represent during the Class Period. In addition, Class Representative Plaintiff has retained competent counsel experienced in class action litigation to further ensure such protection and intend to prosecute this action vigorously.

40. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the Defendant in the State of California and would lead to repetitious trials of the numerous common questions of fact and law in the State of California. Class Representative Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

41. Proper and sufficient notice of this action may be provided to the Class members through direct mail.

42. Moreover, the Class members' individual damages are insufficient to justify the cost of litigation, so that in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go unremedied without certification of the Class. Absent certification of this action as a class action, Class Representative Plaintiff and the members

8

of the Class will continue to be damaged by the deceptive and misleading acts, practices, and advertising of Defendants.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
#### Violation of the Consumers Legal Remedies Act
#### [Civil Code § 1750 *et seq.*]
#### (Against All Defendants)

43.    The allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

44.    The Credit Card and the Bill Pay program are "goods" within the meaning of the CLRA, Civil Code sections 1761(a) and 1770.

45.    Each Defendant is a "person" within the meaning of the CLRA, Civil Code sections 1761(c) and 1770.

46.    Holders of the Credit Card enrolled in the Bill pay program, including Plaintiff and the Class, are "consumers" within the meaning of the CLRA, Civil Code sections 1761(d) and 1770.

47.    Plaintiff's and the Class Members' availment of the Credit Card and the subsequent enrollment to the Bill Pay program constitute "transactions" within the meaning of the CLRA, Civil Code sections 1761(e) and 1770.

48.    Defendants' unfair or deceptive acts or practices as described herein, were undertaken by Defendants in transactions intended to result or which resulted in the sale of goods to consumers, and were intended to induce, and did in fact induce, Plaintiff to avail of the Credit Card and enroll in the Bill Pay program, which they would not have otherwise done.

49.    Defendants' practices, acts and course of conduct with respect to their distribution and sale of the Credit Card and the Bill Pay program violate the CLRA in that Defendants' non-disclosure of the effect of non-use of the Credit Card on the Bill Pay registration constitutes: (1) a misrepresentation as to their source, sponsorship, approval, or certification in violation of Civil Code § 1770(a)(2); and (2) a representation, whether express or implied, that they have sponsorship, approval, characteristics, ingredients, uses or benefits which they do not have in violation of Civil Code § 1770(a)(5). Here, despite knowing that failure to use the Credit Card could lead to automatic cancellation of a Bill Pay registration, Defendants continue to withhold that information from

9

1 consumers, including Plaintiff and the Class.

2       50.    Defendants' practices, acts and course of conduct in connection with the Credit Card
3 and the Bill Pay program are likely to mislead a reasonable consumer acting reasonably under the
4 circumstances to his or her detriment. Further, the non-disclosure of this information is clearly
5 material to the determination to avail of the Credit Card, enroll in the Bill Pay program, as the
6 potential harm to the consumer's credit standing is significantly greater than the value conferred by
7 the Credit Card and the Bill Pay program, there are equivalent products that confer a similar benefit
8 to the consumer that the Credit Card and Bill Pay program provided, and, as a result, no reasonable
9 consumer, including Plaintiff and the Class, would avail of the Credit Card and enroll in the Bill
10 Pay program, had they known that their registration could be automatically cancelled for non-use
11 of the Card and their bills could become overdue and reported to the credit bureaus, and could
12 potentially affect their credit standing.

13       51.    As a direct and proximate result of Defendants' violations of law, Plaintiff and the
14 Class have suffered damages by not receiving what was promised to them in exchange for signing
15 up for the Credit Card and the Bill Pay program, which Defendants contended would automatically
16 pay their enrolled bills.

17       52.    By filing this Complaint, Plaintiff and the Class seek an order enjoining Defendants
18 from the continued sale of the Credit Card and the Bill Pay program; an Order enjoining Defendants
19 from collecting money from Plaintiff and the Class from the sale of such products; and an Order
20 requiring Defendants to notify consumers of their violations of the CLRA and the remedy they will
21 provide to them. Plaintiff is entitled to equitable relief in the form of restitutionary disgorgement
22 of all earnings, profits, compensation, and benefits obtained by Defendants as a result of their
23 violations of the CLRA, along with other appropriate relief including reasonable attorneys' fees
24 and expenses.

25 //
26 //
27 //
28 //

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## SECOND CAUSE OF ACTION
### Violation of the False Advertising Law
### [Business And Professions Code Section 17500, Et Seq.]
### (Against all Defendants)

53.     Plaintiff  and the Class hereby  incorporate  by  reference  all  previous paragraphs of this Complaint as if fully set forth herein and further alleges as follows:

54.     Plaintiff and the Class bring this cause of action pursuant to California Business & Professions Code § 17500. California Business & Profession s Code § 17500 provides that it is unlawful  for any person, firm, corporation  or association  to dispose of property  or perform services, or to induce the public to enter into any obligation relating thereto, through the use of untrue or misleading statements.

55.     Plaintiff and the Class availed of Defendant's Credit Card and signed up for the Bill Pay program and have suffered injury in fact and have lost money or property as a result of the unlawful, unfair, or fraudulent business practices and unfair, deceptive, untrue or misleading advertising.

56.     At all times herein alleged, Defendants have committed acts of disseminating untrue and misleading statements as defined by California Business & Professions Code § 17500 by engaging in the following acts and practices with intent to induce members of the public to sign up for the Credit Card and the Bill Pay program: (a) Representing that the enrolled bills would be automatically paid after signing up for the program, knowing  that  said representations were false, and concealing that the Bill Pay registration can be automatically cancelled if the Credit Card is not used for a certain period of time, which can lead to the enrolled bills being unpaid and overdue, reported to the credit bureaus, and negatively impacting consumers' credit rankings.  (b) Issuing promotional literature and commercials deceiving  potential  users  of the Credit Card and the Bill Pay program by relaying  positive  information  and  concealing material relevant information regarding these products; and other unfair, unlawful and fraudulent conduct.

57.     The foregoing practices constitute false and misleading advertising within the meaning of California Business & Professions Code § 17500.

11

1  58.  The acts of untrue and misleading statements by Defendants described

2  hereinabove present a continuing threat to members of the public in that the acts alleged herein

3  are continuous and ongoing, and the public will continue to suffer the harm alleged herein.

4  59.  As a result of their conduct described above, Defendants have been and will be

5  unjustly enriched. Specifically, Defendants have been unjustly enriched by receipt of hundreds of

6  millions of dollars in ill-gotten gains from Plaintiff, the Class, and other consumers who signed up

7  for the Credit Card and the Bill Pay program as a result of the acts and omissions described herein.

8  60.  Pursuant to California Business & Professions Code § 17535, Plaintiff and the Class

9  seek an order of this Court compelling the Defendants to provide restitution and injunctive relief

10  calling for Defendants, and each of them, to cease unfair business practices in the future.

11  61.  Plaintiff and the Class seek restitutionary disgorgement of the monies collected from

12  Plaintiff and the Class by Defendants, and each of them, and other injunctive relief to cease such

13  false and misleading advertising in the future.

14  62.  Defendants' actions described above were performed willfully, intentionally, and

15  with reckless disregard of the life and safety of the Plaintiff, the Class, and the general public.

16  
### THIRD CAUSE OF ACTION
**Violation of the Unfair Competition Law**
**[Business and Professions Code Section 17200, et seq.]**
**(Against all Defendants)**

17

18

19  63.  Plaintiff and the Class hereby incorporate by reference all previous paragraphs

20  of this Complaint as if fully set forth herein and further alleges as follows.

21  64.  California Business & Professions Code § 17200 provides that unfair competition

22  shall mean and include "all unlawful, unfair or fraudulent business practices and unfair,

23  deceptive, untrue or misleading advertising."

24  65.  Plaintiff and the Class signed up for the Credit Card and the Bill Pay program and

25  have suffered injury in fact and have lost money or property as a result of the unlawful, unfair, or

26  fraudulent business practices and unfair, deceptive, untrue, or misleading advertising.

27  66.  The acts and practices described above violate the "unlawful" prong of § 17200.

28

67. The acts and practices described above also violate the Consumer Legal Remedies Act, and the False Advertising Law, as described above, in that Defendants have represented to Plaintiff, the Class, and the general public, that signing up for the Credit Card and the Bill Pay program would mean automatic payments of their enrolled bills. Thus, these statements made by Defendants constitute unlawful acts within the meaning of California Business & Professions Code § 17200.

68. Further, by offering the Credit Card and the Bill Pay program throughout the State of California, Defendants violated and violate the Consumer Legal Remedies Act, by passively intimating that these products complied with all of California's laws, when, in fact, they were not. This conduct, prohibited by the CLRA, also constitutes unlawful acts within the meaning of California Business & Professions Code § 17200.

69. The acts and practices described above were and are also likely to mislead the general public and therefore constitute unfair business practices within the meaning of California Business & Professions Code § 17200, including unfair, unlawful, and/or fraudulent practices.

70. The acts of untrue and misleading advertising set forth in the preceding paragraphs are incorporated by reference and are, by definition, violations of California Business & Professions Code § 17200. This conduct is set forth fully herein, and includes, but is not limited to: (a) Representing that the enrolled bills would be automatically paid after signing up for the program, knowing that said representations were false, and concealing that the Bill Pay registration can be automatically cancelled if the Credit Card is not used for a certain period of time, which can lead to the enrolled bills being unpaid and overdue, reported to the credit bureaus, and negatively impacting consumers' credit rankings. (b) Issuing promotional literature and commercials deceiving potential users of the Credit Card and the Bill Pay program by relaying positive information and concealing material relevant information regarding these products; and other unfair, unlawful and fraudulent conduct.

71. These practices constitute unlawful, unfair and/or fraudulent business acts or practices, within the meaning of California Business & Professions Code § 17200. The fraudulent conduct includes representing that enrolled bills would be automatically paid once a Credit Card is

13

signed up to the Bill Pay program and failing to warn Plaintiff and the Class that non-use of the Credit Card would lead to the automatic cancellation of the Bill Pay registration and the non-payment of the enrolled bills, which would then be overdue, reported to the credit bureaus, and thereby negatively impacting their credit ratings.

72.     The unlawful, unfair and fraudulent business practices of Defendants described above present a continuing threat to members of the public in that Defendants continue to engage in the conduct described therein.

73.     As a result of their conduct described above, Defendants have been and will be unjustly enriched. Specifically, Defendants have been unjustly enriched by receipt of millions of dollars in ill-gotten gains from the sale of the Credit Card and the Bill Pay program in California to Plaintiff, the Class, and the other consumers, sold in large part as a result of the acts and omissions described herein.

74.     Plaintiff and the Class, pursuant to California Business & Professions Code § 17203, seek an order of this court compelling the Defendants to provide restitutionary disgorgement and injunctive relief calling for Defendants, and each of them, to cease unfair business practices in the future.

<u>**DEMAND FOR JURY TRIAL**</u>

75.     Plaintiff and the Class hereby demand trial by jury.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff and the Class, pray for judgment against Defendants as follows:

1. An order certifying this action as a class action under Code of Civil Procedure §382, defining the Class as requested herein, appointing the undersigned as Class counsel, and finding that Plaintiff is a proper representative of the Class requested herein;

2. For an order awarding reimbursement, restitution and disgorgement from Defendants of the benefits unjustly conferred by Plaintiff and the Class;

3. For an order awarding injunctive and other equitable relief;

4. For an order awarding declaratory relief;

14

5. For an order awarding pre- and post-judgment interest to Plaintiff and the Class, at the highest rate allowed by law;

6. For an order awarding costs, including experts' fees, and attorneys' fees and expenses, and the costs of prosecuting this action; and

7. For an order awarding granting such other and further relief as is just and proper.

Dated: August 15, 2023       **POTTER HANDY LLP**

/s/ James M. Treglio

By: _____
      Mark Potter, Esq.
      James M. Treglio, Esq.

      Attorneys for Plaintiff

15

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| James M. Treglio (SBN 228077)<br>Potter Handy, LLP<br>100 Pine St., Ste 1250, San Francisco, CA 94111<br><br>TELEPHONE NO.: (858) 375-7385  FAX NO. *(Optional)*: 888-422-5191<br>ATTORNEY FOR *(Name)*: Plaintiff, Jeffrey Chen | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**08/15/2023** at 11:52:30 PM<br>Clerk of the Superior Court<br>By Brandon Krause, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO
STREET ADDRESS: 330 West Broadway,
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice Courthouse

CASE NAME:
Chen v. Bank of America Corporation, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2023-00035069-CU-MC-CTL<br>JUDGE: Judge Kenneth J. Medel<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[x] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: 3- Violations of the CLRA, UCL, FAL
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 15, 2023

James M. Treglio                                    /s/ James M. Treglio
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]     **CIVIL CASE COVER SHEET**     Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| DIVISION: Central | |
| TELEPHONE NUMBER: (619) 450-7066 | |

| PLAINTIFF(S) / PETITIONER(S): JEFFREY CHEN |
|---|

| DEFENDANT(S) / RESPONDENT(S): Bank of America Corporation |
|---|

| CHEN VS BANK OF AMERICA CORPORATION [EFILE] |
|---|

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER:<br>37-2023-00035069-CU-MC-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge: Kenneth J Medel                          Department: C-66

## COMPLAINT/PETITION FILED: 08/15/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 03/08/2024 | 08:30 am | C-66 | Kenneth J Medel |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
  - **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
  - **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
  - **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2023-00035069-CU-MC-CTL     CASE TITLE: CHEN vs Bank of America Corporation [Efile]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
  (1) this **Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
  (2) the **Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359),** _and_
  (3) the **Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS: 330 West Broadway

MAILING ADDRESS: 330 West Broadway

CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827

BRANCH NAME: Central

PLAINTIFF(S): JEFFREY CHEN

DEFENDANT(S): Bank of America Corporation

SHORT TITLE: CHEN VS BANK OF AMERICA CORPORATION [EFILE]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2023-00035069-CU-MC-CTL |

Judge: Kenneth J Medel                    Department: C-66

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                    ☐ Binding private arbitration

☐ Voluntary settlement conference (private)                    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                    ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

_____                    _____

Name of Plaintiff                    Name of Defendant

_____                    _____

Signature                    Signature

Name of Plaintiff's Attorney                    Name of Defendant's Attorney

_____                    _____

Signature                    Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 08/16/2023                    _____
                                                            JUDGE OF THE SUPERIOR COURT