| | |
|---|---|
| 1 | **POTTER HANDY LLP** |
| | Mark D. Potter (SBN 166317) |
| 2 | mark@potterhandy.com |
| 3 | James M. Treglio (SBN 228077) |
| | jimt@potterhandy.com |
| 4 | 100 Pine Street, Suite 1250 |
| 5 | San Francisco, CA 94102 |
| | Phone: (415) 534-1911 |
| 6 | Fax: (888) 422-5191 |

Counsel for Plaintiff and the Putative Class

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CHEN, on behalf of himself and all others similarly situated | Case No: 23-cv-1762-DMS-DEB |
| Plaintiff, | **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE DISCOVERY** |
| v. | |
| BANK OF AMERICA CORPORATION, a Delaware corporation; and DOES 1-100, inclusive | <u>Hearing</u><br>Date: April 19, 2024<br>Time: 1:30pm<br>Courtroom: 13A (13th Floor) |
| Defendants. | Judge: The Hon. Dana M. Sabraw |

-i-

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... iii

    Cases… ........................................................................................................... iii

    Statutes .......................................................................................................... iii

    Other Authorities ........................................................................................... iv

I.    INTRODUCTION ..................................................................................... 1

II.   BACKGROUND ....................................................................................... 1

III.  LEGAL STANDARD ................................................................................ 2

IV.  ARGUMENT ............................................................................................. 3

    A.  THE COURT HAS ALREADY REJECTED THE BIFURCATION OF DISCOVERY ................................................................................... 3

    B.  BIFURCATION DEFIES JUDICIAL EFFICIENCY AND ECONOMY ...... 4

V.   CONCLUSION ......................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Broad v. N. Pointe Ins. Co.,* No. 5:11CV2422, 2012 WL 12894227, at *1 (N.D. Ohio Aug. 30, 2012) ............................................................................................. 3

*GEM Acquisitionco, LLC v. Sorenson Grp. Holdings, LLC*, No. C 09–01484 SI, 2010 WL 1729400, at *3 (N.D. Cal. Apr. 27, 2010) .......................................................... 2

*Gravity Defyer Corp. v. Under Armour, Inc.*, No. LACV1301842JAKJCGX, 2013 WL 12138987, at *2 (C.D. Cal. July 23, 2013) ................................................................ 3

Hangarter v. Provident Life and Assoc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004) ... 3

*Imran v. Vital Pharmaceuticals, Inc.* (N.D. Cal., Sept. 4, 2019, No. 18-CV-05758-JST) 2019 WL 13207582 ................................................................................................. 5, 6

*In re Sortwell, Inc.*, No. C 08-05167 JW, 2011 WL 4896475, at *2 (N.D. Cal. Oct. 12, 2011) .................................................................................................................... 2, 3

*Kamrava v. Cenlar Capital Corporation* (C.D. Cal., Oct. 7, 2021, No. 220CV11465ABEX) 2021 WL 10373035 ............................................................... 7

*Obertman v. Electrolux Home Care Products, Inc.* (E.D. Cal., June 18, 2020, No. 2:19-CV-02487-KJM-AC) 2020 WL 8834885 ........................................................... 6

*Renvall v. Albertsons Companies, Inc.* ............................................................................ 7

*Shaw v. Experian Information Solutions, Inc.* (S.D. Cal. 2015) 306 F.R.D. 293 ............ 7

*Spectra–Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992) 3

**Statutes**

Fed. R. Civ. P. 42 ............................................................................................................ 3

**Other Authorities**

Fed. R. Civ. P. 42 advisory committee's note (1966) ....................................................... 3

Plaintiff Jeffrey Chen ("Plaintiff") respectfully submits this memorandum in support of his opposition to Defendant Bank of America Corporation's ("Defendant and/or "Defendants") Motion to Bifurcate Discovery ("Motion").

## I. INTRODUCTION

After filing a Motion for Judgment on the Pleadings and after previously bringing this issue before the Court, which the Court has already rejected, Defendants once again insists on bifurcating discovery into two phases: (1) discovery on the merits of Plaintiff's individual claims; and (2) discovery related to class certification issues if plaintiff's claims survive summary judgment. However, as will be shown below, the Court has previously rejected such bifurcation.

While, on principle, Plaintiff has no qualms about bifurcating the discovery here, the fact remains that given the deadlines set in this action, with the fact discovery cut-off occurring in June, and the class certification motion due in July, and the fact that the status of the pleadings has not been settled (ECF No. 6), the current schedule does not allow time for the Parties to bifurcate discovery. Thus, Plaintiff's opposition is conditional – if the Court does grant the motion, Plaintiff respectfully requests the Court grant the Parties additional time to complete all discovery in this matter.

## II. BACKGROUND

On August 15, 2023, Plaintiff commenced his action against Defendants in the Superior Court of the State of California for the County of San Diego.

On September 25, 2023, Defendant removed the action to the District Court. (ECF 1).

On November 6, 2023, Defendant filed its Motion for Judgment on the Pleadings. (ECF 6). Plaintiff filed his opposition on January 25, 2024. (ECF 11). Defendant filed its Reply on January 29, 2024. (ECF 14). To date, the Court has not ruled on the Motion.

On December 12, 2023, the Parties filed a Joint Discovery Plan (ECF 7) where they agreed to bifurcate discovery as follows: "The Parties propose that, if and when discovery commences, it be conducted in phases, with individual discovery completing before class discovery begins, as set forth below in the proposed schedule." (*Id.,* p. 3).

On January 26, 2024, the Court issued its Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings (ECF 13). On the issue of discovery, the Court ruled as follows:

> 7. All fact discovery shall be completed by all parties by June 28, 2024. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.

(*Id.,* p. 5).

With the Court setting one fact discovery cut-off date on June 28, 2024, the Court in effect rejected the Parties' proposed bifurcation of discovery in their Joint Discovery Plan.

## III.  LEGAL STANDARD

"In the Ninth Circuit, '[b]ifurcation ... is the exception rather than the rule[.]'" *In re Sortwell, Inc.*, No. C 08-05167 JW, 2011 WL 4896475, at *2 (N.D. Cal. Oct. 12, 2011) (quoting *GEM Acquisitionco, LLC v. Sorenson Grp. Holdings, LLC*, No. C 09–01484 SI, 2010 WL 1729400, at *3 (N.D. Cal. Apr. 27, 2010)); see *Hangarter v. Provident Life*

*and Assoc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (Trying issues together is "normal trial procedure."). And rightly so—"[i]n general, a single proceeding will be a more efficient and reasonable means of resolving the action." *Gravity Defyer Corp. v. Under Armour, Inc.*, No. LACV1301842JAKJCGX, 2013 WL 12138987, at *2 (C.D. Cal. July 23, 2013). This why the Advisory Committee specifically cautions that "separation of issues for trial is not to be routinely ordered[.]" Fed. R. Civ. P. 42 advisory committee's note (1966).

Indeed, the decision to order bifurcation is discretionary, it should only be ordered when justified—that is, when bifurcation promotes "convenience ... avoid[s] prejudice, or ... expedite[s] and economize[s.]" Fed. R. Civ. P. 42. And, importantly, the party seeking bifurcation "has the burden of proving that bifurcation is justified." Sortwell, 2011 WL 4896475, at *2 (quoting *Spectra–Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992)). Unsubstantiated claims of jury confusion, prejudice, or efficiency are not enough. E.g., *Broad v. N. Pointe Ins. Co.,* No. 5:11CV2422, 2012 WL 12894227, at *1 (N.D. Ohio Aug. 30, 2012) ("Simply complaining of prejudice without producing evidence ... is not sufficient.").

## IV.   ARGUMENT

### A.   THE COURT HAS ALREADY REJECTED THE BIFURCATION OF DISCOVERY

On December 12, 2023, the Parties filed a Joint Discovery Plan (ECF 7) where they agreed to bifurcate discovery as follows: "The Parties propose that, if and when discovery commences, it be conducted in phases, with individual discovery completing before class discovery begins, as set forth below in the proposed schedule." (*Id.,* p. 3).

However, on January 26, 2024, the Court issued its Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings (ECF 13) where it rejected the Parties' proposal of bifurcating discovery, to wit:

7. All fact discovery shall be completed by all parties by June 28, 2024. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.

(*Id.,* p. 5).

With the Court setting one fact discovery cut-off date on June 28, 2024, the Court in effect rejected the Parties' proposed bifurcation of discovery in their Joint Discovery Plan. And since only one fact discovery cut-off date was set, which is already forthcoming in less than three (3) months, Plaintiff has no choice but to dive into class certification issues in the discovery propounded on Defendant.

### B.     BIFURCATION DEFIES JUDICIAL EFFICIENCY AND ECONOMY

Finally, bifurcation means that trial would be extended unnecessarily. It would also increase the cost of the trial as many, if not most, of the same witnesses would be called in both phases. There is nothing efficient or economical in bifurcating discovery. With regard to class actions, Judge Tigar noted:

> "In a putative class action, it is within a court's discretion to set either a bifurcated discovery schedule (creating separate 'pre-certification discovery' and 'class discovery' deadlines) or non-bifurcated discovery schedule." *Shasta Linen Supply, Inc. v. Applied Underwriters Inc.*, No. 2:16-CV-00158 WBS AC, 2018 WL 402235, at *3 (E.D. Cal. Jan. 12, 2018) (citing *Mbazomo v. ETourandTravel, Inc.*, No. 2:16-CV-02229-SB, 2017

WL 2346981, at *2 (E.D. Cal. May 30, 2017)). "In bifurcated discovery, pre-certification discovery is generally initially limited to 'certification issues such as the number of class members, the existence of common questions, typicality of claims, and the representative's ability to represent the class.' " *Id.* (quoting *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014)). "Among the matters the court may consider in deciding whether to bifurcate are: (1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at 'an early practicable time,' (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery." *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-CV-02219-JST, 2015 WL 273188, at *1 (N.D. Cal. Jan. 20, 2015) (citation omitted). This Court generally does not favor bifurcated discovery in a putative class action. *See also Moussouris v. Microsoft Corp.*, No. C15-1483JLR, 2016 WL 4472930, at *12 n.14 (W.D. Wash. Mar. 7, 2016) ("[T]he court does not favor bifurcated discovery in a putative class action and expects the parties to proceed with discovery on class issues and other topics relevant to the litigation.").

*Imran v. Vital Pharmaceuticals, Inc*. (N.D. Cal., Sept. 4, 2019, No. 18-CV-05758-JST) 2019 WL 13207582, at *1.

Here, as Defendant noted in its motion, the factual basis of Plaintiff's allegations have changed due to discovery performed in this action.[1] Plaintiff alleges that the mechanisms used to provide notice to users of Defendant's autopay program failed to notify Plaintiff. And the discovery sought by Plaintiff deals with the mechanisms of Defendant's notification process. (See Decl. Treglio, Exh. A, Plaintiff's Interrogatories, Exh. B. Plaintiff's First Set of Requests for Production, Ex. C, Plaintiff's Requests for Admissions). These mechanisms for providing notice are all mechanical, and there is no question that they would affect both the Plaintiff and the Class Members equally. Thus, there is no judicial economy rendered by limiting discovery to Plaintiff's individual claims.

---

[1] In fact, Plaintiff has requested in his opposition to the Motion for Judgement on the Pleadings, to allow Plaintiff to amend his complaint to change the factual basis upon which his claims reside.

-5-

1    Further, there is no question that bifurcation would delay the motion for class
2    certification, as Defendant's motion specifically requests the delay. While this delay may
3    be appropriate given the uncertain status of the pleadings, it does not meet the standard
4    necessary for bifurcation of discovery here.

5    Moreover, multiple courts have held that bifurcation of discovery does not lend
6    itself to judicial economy. For instance, Judge Tigar held in *Imran v. Vital
7    Pharmaceuticals, Inc.* (N.D. Cal., Sept. 4, 2019, No. 18-CV-05758-JST) 2019 WL
8    13207582, at *1

> These factors do not support bifurcation here. As both parties acknowledge, the rigorous analysis required by Rule 23 "frequently ... will entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). While the parties might contest the degree of overlap here, some overlap clearly exists. Next, bifurcation is unlikely to advance a decision on class certification. For one thing, fights between the parties about whether discovery constitutes class or merits discovery are likely to consume more time than would potentially be saved by deferring merits discovery until a later date. *See In re Rail Freight Surcharge Antitrust Litig.*, 258 F.R.D. 167, 174 (D.D.C. 2009) ("Bifurcated discovery fails to promote judicial economy when it requires ongoing supervision of discovery. If bifurcated, this Court would likely have to resolve various needless disputes that would arise concerning the classification of each document as 'merits' or 'certification' discovery.") (internal citation and quotations omitted). For another, Defendant has not shown that non-class merits discovery will be unduly time-consuming.

Judge Mueller held in *Obertman v. Electrolux Home Care Products, Inc.* (E.D. Cal., June 18, 2020, No. 2:19-CV-02487-KJM-AC) 2020 WL 8834885, at *2:

> The Supreme Court's landmark decision in *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), does require a trial court to engage in a "rigorous analysis[ ] that the prerequisites of Rule 23(a) have been satisfied" when deciding the issue of class certification. *Id.* at 351. This analysis frequently "entail[s] some overlap with the merits of the plaintiff's underlying claim"

-6-

because the "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057 FMO SPX, 2018 WL 501413, at *4 (C.D. Cal. Jan. 5, 2018) (quoting *Dukes*, 564 U.S. at 3519) (citing, *inter alia, Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014)) ("Facts that are relevant to the class determination frequently will overlap with those relevant to the merits of the case."). Accordingly, many courts "are reluctant to bifurcate class-related discovery from discovery on the merits." *Id.* (quoting *Chen–Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 299–300 (S.D.N.Y. 2012) (collecting cases)); *see also Munoz v. PHH Corp.*, No. 1:08–cv–0759–DAD–BAM, 2016 WL 10077139, *4 (E.D. Cal. 2016) ("Courts have repeatedly acknowledged that there is no clear-cut division between discovery that relates to class certification and discovery that relates to the merits."). As one sister court has pointed out, "[s]eparating merits and class discovery raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two," and can sometimes "thwart[ ] the informed judicial assessment that current class certification practice emphasizes," *Ahmed*, 2018 WL 501413 at *3 (citations omitted). This court has been reluctant to draw a bright line separating class certification from merits discovery; when the parties agree to a flexible approach, it has encouraged frontloading class certification discovery with overlap as appropriate to avoid duplication, without providing for bifurcation.

See also *Kamrava v. Cenlar Capital Corporation* (C.D. Cal., Oct. 7, 2021, No. 220CV11465ABEX) 2021 WL 10373035 (denying a motion for bifurcation); *Shaw v. Experian Information Solutions, Inc.* (S.D. Cal. 2015) 306 F.R.D. 293 (granting a motion to compel further production of documents and denying a request for bifurcation of discovery); *Renvall v. Albertsons Companies, Inc.* (S.D. Cal., Aug. 1, 2018, No. 3:18-CV-00809-H-NLS) 2018 WL 11651330 (denying motion for bifurcation).

  Based on Plaintiff's read of the authorities, it does appear that bifurcation is the exception in most cases. And here, if the methodology to provide notice to Plaintiff was faulty, then it was equally faulty to the Class members. Thus, bifurcation is unnecessary

– though some extension of the discovery period should be provided given the uncertain status of the pleadings.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny bifurcation.

Dated: April 5, 2024                               **POTTER HANDY, LLP.**

                                                                By: ___/s/James M. Treglio___
                                                                James M. Treglio
                                                                Counsel for Plaintiff and the Putative Class

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 5, 2024, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

                                                                    ___/s/James M. Treglio_____
                                                                           James M. Treglio