# EXHIBIT A

POTTER HANDY LLP
Mark D. Potter (SBN 166317)
mark@potterhandy.com
James M. Treglio (SBN 228077)
jimt@potterhandy.com
100 Pine St., Ste 1250,
San Francisco, CA 94111
(858) 375-7385
Fax: (888) 422-5191

Attorneys for Plaintiff, Jeffrey Chen

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CHEN, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, a Delaware corporation; and DOES 1-100, Inclusive<br><br>Defendants. | Case No. 23-cv-1762-LAB-DEB<br><br>*[Originally filed in the San Diego County Superior Court, Case No. 37-2023-00035069-CU-MC-CTL]*<br><br>**PLAINTIFF JEFFREY CHEN'S FIRST SET OF INTERROGATORIES TO DEFENDANT BANK OF AMERICA CORPORATION**<br><br>SET ONE<br><br>Complaint Filed: August 15, 2023<br>Trial Date: None set |

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Jeffrey Chen ("Plaintiff"), serves the following Requests for Interrogatories ("Requests") upon Defendant Bank of America Corporation ("Defendant"), to be answered within thirty (30) days of the date of service.

### DEFINITIONS AND INSTRUCTIONS

1.     By responding to the Requests below, Defendant acknowledges Plaintiff's Requests are continuing in nature and require additional responses if further information is obtained between the time the responses are served and the time of trial. Any such

supplementary responses shall be served on a continuing basis, but not later than twenty (20) days prior to the first date fixed for trial, or immediately upon obtaining such information if it is first discovered thereafter.

2.      These Requests seek all information that is known to the Defendant and, unless privileged, the Defendant's counsel, representatives, agents, consultants, or investigators.

3.      As used herein, the term "Plaintiff" means and refers to Plaintiff Jeffrey Chen.

4.       As used herein, the term "Defendant's counsel" shall mean any of the firms or individual attorneys representing Defendant.

5.      As used herein, the terms "Defendant," "BOA," "you," and "your" shall mean Bank Of America Corporation, and includes any and all affiliated entities, supervisors, agents, servants or employees of Defendant, and any individuals formerly employed by Defendant.

6.      As used herein, the term "Complaint" shall mean and refer to the Complaint filed on August 15, 2023, in the case titled JEFFREY CHEN, on behalf of himself and all others similarly situated Plaintiff, v. BANK OF AMERICA CORPORATION, a Delaware corporation; and DOES 1-100, inclusive, Defendants, Case No: 23-cv-1762-LAB-DEB filed in the San Diego Superior Court of the State of California and transferred to the United States District Court for the Southern District of California.

7.      As used herein, the term "date" or "dates" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation thereof, including the relationship to other events.

8.      The term "person," as used herein, means any natural person, partnership, corporation, or other business entity and all present and former officers, directors, agents, representatives, employees, attorneys, and others acting or purporting to act on behalf of such natural person, partnership, corporation, or other business entity.

9.      As used herein, the definition for the term "document" means without limitation, the following items, whether printed, recorded, or reproduced by any other mechanical or electronic means or process, or written or produced by hand, stored electronically on tape, disk, server, internet service, cloud, or other media (including email): agreements; contracts;

communications; correspondence; advertisements; letters; emails; websites; social media postings, messages, updates or other social media communications / activity; telegrams; tape recordings; memoranda; notes; summaries or other recordings of telephone conversations, personal conversations, or meetings; agenda of meetings; notices; records; bid records; personal memoranda; photographs; photographic slides; PowerPoint presentations; motion picture films; charts; graphs; diagrams; reports; statements of witnesses; findings of investigations; files; reports of experts; reports of consultants; papers; books; records; summaries; diaries; calendars; log books and every other writing or other graphic means by which human intelligence is in any way transmitted, recorded, or reported. "Document" or "documents" also includes all non-identical copies, such as those bearing marginal comments or other marks, postscripts, changes, amendments, addenda, or other notations not present on the original document as initially written, typed or otherwise prepared. Each such non-identical copy is to be considered and identified as a separate document. To the extent any communication is reduced to a writing or other recordation, it is expressly included in the term "document."

10. As used herein, "identify" or "identity" when referring to a natural person means to provide an identification sufficient to notice the deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation: (a) his or her full name; (b) present or last known home address and telephone number; (c) present or last known business affiliation, address and telephone number; (d) title or occupation; and (e) each of the positions held by such person during the applicable time period covered by your answer referring to such person.

11. As used herein, "identify" or "identity" when referring to an entity means to provide an identification sufficient to notice a deposition of such entity and to serve such entity with process to require attendance of a representative at such deposition to include, without limitation: (a) name of organization; (b) present or last known address and telephone number of entity; (c) name and address of registered agent; and (d) type of business conducted by such entity.

12.     As used herein, "identify" or "identity" when referring to a document means to describe specifically the document, its date, its author (and, if different, the signer or signers), type of document (e.g., "letter"), each addressee and known recipient, its present or last known location and custodian, the manner and date of its disposition if any such document was, but is no longer, in your possession or subject to your control, and all other means of identifying it with sufficient particularity to satisfy the requirements for its inclusion in a demand for its production pursuant to subpoena duces tecum.

13.     As used herein, "identify" or "identity" when referring to a communication means to identify the pertinent document or documents if the communication is written, or to identify the participants and set forth the date, manner, place, and substance of the communication if it is non-written.

14.     As used herein, "relate(s) to" or "relating to" shall mean constituting, referring to, pertaining to, reflecting, concerning or evidencing, mentioning, contradicting, or comprising, whether or not such relationship is apparent from the face of the document.

15.     If you claim a privilege with respect to information or documents requested by these Discovery Requests, specify the privilege claimed and describe the nature of the documents, communications, or things not produced or disclosed in a manner that will enable Plaintiff to assess the applicability of the privilege.

16.     The word "or" is used in the inclusive sense; that is, the word "or" may be read "and/or."

17.     The word "any" and "every" are also used in the inclusive sense; that is, "any" may be read as "any and all," and "every" may be read as "every and all."

18.     The use of the singular shall include the plural, and the use of the plural shall include the singular.

19.     All documents being produced, as well as logs of documents identified by title, date, and subject that are not being produced by reason of privilege or other objection, are to be produced for inspection and copying within thirty (30) days after receipt of these Discovery Requests at the law offices of Potter Handy LLP, 100 Pine St., Ste 1250, San Francisco, CA

94111 and sent electronically to jimt@potterhandy.com during regular business hours.

20. As used herein, the term "Class Period" shall mean the time period from August 15, 2019 through the present.

21. As used herein, the term "Bill Pay AutoPay Program" shall refer to enrollment of BOA customers' bills for payment with a BOA checking and/or savings account, including BOA credit cards.

22. As used herein, the term "Class Members" shall refer to all clients of Defendant whose credit cards are enrolled under the Bill Pay autopay program.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

The criteria YOU use to determine when to cancel Bill Pay AutoPay program.

**INTERROGATORY NO. 2:**

Do YOU use a Cron JOB PROGRAM? If yes, state the name of the Cron job program that scans for accounts for cancelling the customers' Bill Pay Autopay program. For purposes of this interrogatory a CRON JOB PROGRAM is defined as: A software programe that operates as a job scheduler on Unix-like operating systems which runs specific tasks at certain intervals.

**INTERROGATORY NO. 3:**

If the response to interrogatory no. 2 is yes, then please state the intervals at which the Cron job program runs.

**INTERROGATORY NO. 4:**

If the response to interrogatory no. 2 is yes, then please state if the Cron job program triggers the notice email to be sent out or is there a different program that scans for accounts that have their autopay canceled recently and sends out the email.

**INTERROGATORY NO. 5:**

If the response to interrogatory no. 2 is yes, then provide the execution logs for the Cron job program during the Class Period.

**INTERROGATORY NO. 6:**

If the response to interrogatory no. 2 is no, then state the method of cancelling Bill Pay Autopay program by YOU.

**INTERROGATORY NO. 7:**

State how you monitor e-mails which are undeliverable.

**INTERROGATORY NO. 8:**

State all details if you have a system or a program to authenticate your domain from fake e-mails.

**INTERROGATORY NO. 9:**

List names of all email sending system for all of YOUR outgoing emails.

**INTERROGATORY NO. 10:**

State the number of complaints that YOU have received about customers not receiving their emails regarding the cancellation of Bill Pay AutoPay program.

**INTERROGATORY NO. 11:**

State all reasons why Plaintiff's Bill Pay AutoPay program was cancelled by YOU.

**INTERROGATORY NO. 12:**

Identify all PERSONS (1) who have been enrolled in YOUR Bill Pay AutoPay program from four years prior to the filing of the Complaint to the present date, (2) provided primary home or business addresses within the State of California; and (3) had Bill Pay AutoPay program cancelled by YOU.

**INTERROGATORY NO. 13:**

For each of the PERSONS identified in Interrogatory No. 12, please state the reason why YOU cancelled the Bill Pay AutoPay program.

**INTERROGATORY NO. 14:**

For each of the PERSONS identified in Interrogatory No. 12, please state the method YOU used to provide notice that the Bill Pay AutoPay program was cancelled by YOU.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: February 20, 2024

Respectfully,

POTTER HANDY LLP.

*James Treglio*

By:    James Treglio
       Counsel for Plaintiff