1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CHEN, on behalf of himself and all others similarly situated,<br><br>                                    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, a Delaware corporation; and DOES 1-100, inclusive,<br><br>                                    Defendants. | Case No.:  23cv1762 DMS (DEB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

        This matter comes before the Court on Defendant's motion for judgment on the pleadings.  Plaintiff filed an opposition to the motion, and Defendant filed a reply.  The motion was originally submitted on January 13, 2024, and remained pending on March 20, 2024, when the case was reassigned from the Honorable Larry A. Burns (Ret.) to the undersigned judge.  For the reasons discussed below, the motion is granted in part and denied in part.

## I.

## BACKGROUND

        For several years, Plaintiff Jeffrey Chen had a credit card with Defendant Bank of America and was enrolled in the bill pay AutoPay program.  (Compl. ¶ 6.)  In June 2023, Plaintiff discovered his autopay registration had been cancelled and he was disenrolled

from the AutoPay program because he had not used his credit card for a certain period of time.  (*Id.*)  Plaintiff also learned that his AutoPay accounts were no longer being paid, causing them to be overdue and reported to the credit bureaus, which negatively affected Plaintiff's credit rating.  (*Id.*)

As a result of these events, Plaintiff filed the present case against Defendant in San Diego Superior Court.  In the Complaint, Plaintiff alleges Defendant did not disclose in its consumer agreements, advertising, or promotional materials that consumers would be disenrolled from the AutoPay program if they did not use their credit card for a certain period of time.  (*Id.* ¶ 11.)  He also alleges Defendant made false statements, (*id.* ¶ 16), and "released, published and disseminated inaccurate and misleading data, containing misinformation and false statements regarding the need for Credit Card use to maintain a Bill Pay registration."  (*Id.* ¶ 20.)  Plaintiff alleges he and others "directly and/or indirectly relied upon Defendants' [sic] false representations regarding the Bill Pay program."  (*Id.* ¶ 24.)  On behalf of himself and all others similarly situated, Plaintiff alleges claims under California's Consumers Legal Remedies Act ("CLRA"), False Advertising Law ("FAL"), and Unfair Competition Law ("UCL").

In response to the Complaint, Defendant filed a General Denial and Affirmative Defenses in state court, and then removed the case to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).  The present motion followed.

## II.

## DISCUSSION

Defendant raises five arguments in the present motion.  First, it argues Bank of America Corporation is not the proper defendant as it did not engage in the conduct at issue.  Second, Defendant asserts the documents incorporated by reference into the Complaint reflect the alleged omissions were actually disclosed.  Third, Defendant argues Plaintiff has failed to satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b).  Fourth, Defendant asserts Plaintiff lacks statutory standing to pursue claims under

1  the UCL, FAL, and CLRA.  Finally, Defendant contends the CLRA does not apply to credit

2  card or AutoPay programs.

3  **A.    Actual Disclosure**[1]

4         The Court starts with Defendant's second argument, which is that Plaintiff's claims

5  must be dismissed because the documents referenced in the Complaint actually disclose

6  the omission upon which Plaintiff's claims are based.  In support of this argument,

7  Defendant relies on the "Bank of America Online Banking Service Agreement" obtained

8  from the Bank of America website on November 4, 2023.  It is unclear, however, that this

9  is the document referenced in Plaintiff's Complaint.  Absent a clear showing that this is the

10  document referred to in the Complaint, the Court cannot consider it in ruling on the present

11  motion.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018)

12  (stating district courts generally may not consider material outside the pleading when

13  assessing the sufficiency of a complaint under Rule 12(b)(6)).

14         Furthermore, even if the Court were to consider the Online Banking Service

15  Agreement, that is not the only document underlying Plaintiff's claims.  Plaintiff also

16  points to "advertisements and promotional materials regarding the Bill Pay program,"

17  (Compl. ¶ 12), as well as "marketing materials," (*id.* ¶ 18), and "commercials[.]"  (*Id.* ¶

18

19  _____

20  [1] Although Defendant relies on Federal Rule of Civil Procedure 12(c) as the basis for its

21  motion, the majority of its arguments, including this one, do not assume the allegations in

22  the Complaint are true, which is the premise for a 12(c) motion.  *See Parker v. County of*

23  *Riverside*, 78 F.4th 1109, 1112 (9th Cir. 2023) (quoting *Honey v. Distelrath*, 195 F.3d 531,
   532 (9th Cir. 1999) ("Judgment on the pleadings is proper when, taking all the allegations

24  in the pleadings as true, the moving party is entitled to judgment as a matter of law.")  As
   to these arguments, the Court construes them as requests to dismiss the claims under

25  Federal Rule of Civil Procedure 12(b)(6), and applies the *Twombly/Iqbal* standard, which

26  provides "that the plaintiff must provide 'a short and plain statement of the claim showing
   the pleader is entitled to relief' which 'contain[s] sufficient factual matter, accepted as true,

27  to state a claim to relief that is plausible on its face."  *Disability Rights Montana, Inc. v.*
   *Batista*, 930 F.3d 1090, 1096 (9th Cir. 2019) (quoting *Sheppard v. David Evans & Assoc.*,

28  694 F.3d 1045, 1048 (9th Cir. 2012)).

23cv1756 DMS (SBC)

56.) Defendant fails to assert those documents disclosed the allegedly omitted information. Thus, this argument does not warrant dismissal of Plaintiff's claims.

**B.    CLRA**

In its fifth argument, Defendant argues Plaintiff's CLRA claim must be dismissed because the CLRA does not apply to credit cards or autopay programs like the one at issue here.  Although Defendant fails to cite any case law supporting its argument on autopay programs, there is case law supporting its position on credit cards.  *See Berry v. Am. Express Publishing, Inc.*, 147 Cal. App. 4th 224, 230-233 (2007) (concluding "neither the express text of CLRA nor its legislative history supports the notion that credit transactions separate and apart from any sale or lease of goods or services are covered under the act."); *Davis v. Chase Bank U.S.A., N.A.*, No. CV 06-04804 DDP (PJWx), 2010 WL 11479334, at *3-4 (C.D. Cal. Mar. 15, 2010) (relying in part on *Berry* to grant motion for judgment on pleadings on CLRA claim arising out of provision of credit cards to retail customers).

Plaintiff raises a number of arguments in response, but none is persuasive.  First, Plaintiff asserts the credit card cases are distinguishable from the present case because this case involves debt collection.  (*See* Opp'n to Mot. at 9-10.)  However, Plaintiff does not allege any debt collection claims here.   Second, Plaintiff argues the CLRA should apply to the facts of this case because of the statutory command that it be "liberally construed and applied" to protect consumers against unfair and deceptive business practices.  (*Id.* at 10.)  Clearly, the CLRA "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive practices and to provide efficient and economical procedures to secure such protection."  Cal. Civ. Code § 1760.  But this command does not allow the Court to disregard the plain language of the statute, which does not include the extension of credit in its definition of "goods" or "services."  *See* Cal. Civ. Code § 1761(a)-(b).  Plaintiff's final argument is that Defendant describes its AutoPay program as a "service," but that argument ignores the California Supreme Court's directive to apply the statute's definition of relevant terms over general

4

or other definitions. *Fairbanks v. Superior Court*, 46 Cal. 4th 56, 63 (2009) (citing *Bernard v. Foley*, 39 Cal. 4th 794, 808 (2006)).

This Court agrees with the reasoning of *Berry* and its progeny, and under that reasoning, the CLRA does not apply to the facts of this case. Accordingly, the Court grants Defendant's motion for judgment on the pleadings on Plaintiff's CLRA claim.

## C.   FAL and UCL

As for Plaintiff's claims under the FAL and the UCL, Defendant argues they should be dismissed because Plaintiff has failed to satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b). Defendant also asserts Plaintiff has failed to show standing under the statutes.

### 1.   Rule 9(b)

There is no dispute Plaintiff's FAL and UCL claims are subject to Rule 9(b). Under that Rule, the plaintiff must identify "the who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Defendant asserts, however, that when a case involves a fraudulent omission, as this case does, the general Rule 9(b) standard is relaxed. Under this relaxed standard, the plaintiff need only "describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information.'" *Marolda v. Symantec Corp.*, 672 F.Supp.2d 992, 1002 (N.D. Cal. 2009). Plaintiff does not dispute this standard applies, but the Ninth Circuit has yet to adopt a relaxed pleading standard for cases of fraudulent omission, and district courts are split on the issue. *See Ford v. Hyundai Motor America*, No. 8:20-cv-00890-FLA (ADSx), 2021 WL 7448507, at *23 (C.D. Cal. Oct. 5, 2021) (acknowledging district court split on this issue). Given this background, the Court declines to adopt the *Marolda* standard, and instead applies the general "who, what, when, where, and how" standard, keeping in mind "the inherent limitations of an omission claim." *MacDonald v. Ford Motor Co.*, 37 F.Supp.3d 1087, 1096 (N.D. Cal. 2014).

Applying that standard here, Plaintiff has alleged the "who" (Defendant) and the "what" (failed to inform its AutoPay customers that their enrollment in the AutoPay program would be automatically canceled if their credit card was not used for a certain period of time). (Compl. ¶ 11.) Plaintiff has also alleged "where" this alleged omission could have been disclosed, namely "Credit Card Agreements" and other documents for enrollment in the AutoPay program, (*id.*), "Defendant's advertisements and promotional materials" regarding the AutoPay program, (*id.* ¶ 12), and Defendant's website. (*Id.*) Plaintiff has also alleged the "when" (the "several years" prior to June of 2023 when Plaintiff discovered that his registration in AutoPay had been canceled), (*id.* ¶ 6), and "how" the omission was misleading (absent the disclosure, Plaintiff believed his enrollment in AutoPay would continue uninterrupted). (*Id.* ¶ 32.) Based on these allegations, Plaintiff has satisfied the pleading requirements of Rule 9(b).

2. Statutory Standing

Next, Defendant argues Plaintiff lacks statutory standing to bring the present claims. Specifically, Defendant argues Plaintiff has failed to allege reliance.[2]

"To show standing under the UCL and FAL, [the plaintiff] must aver facts establishing that he 'suffered injury in fact and has lost money or property as a result of the unfair competition.'" *Hodsdon v. Mars, Inc.*, 162 F.Supp.3d 1016, 1022 (N.D. Cal. 2016) (quoting Cal. Bus. & Prof. Code §§ 17204, 17536). "To that end, [the plaintiff] must establish that he actually relied on 'the allegedly deceptive or misleading statements.'" *Id.* (quoting *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326 (2011)). "A plaintiff may prove reliance 'by showing that the defendant's misrepresentation or nondisclosure was an immediate cause of the plaintiff's injury-producing conduct.'" *Id.* (quoting *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009)). "He may accomplish that 'by showing that in its

---

[2] Defendant also raised reliance in its discussion of Rule 9(b). Rather than addressing reliance there, the Court considers it here in the context of statutory standing.

absence the plaintiff in all reasonable probability would not have engaged in the injury-producing conduct.'" *Id.* (quoting *In re Tobacco II*, 46 Cal. 4th at 326).

Here, Defendant asserts first that Plaintiff did not identify any materials he relied on when signing up for the AutoPay program. Plaintiff does not dispute this assertion. Instead, he argues reliance should be presumed when the misrepresentation is about a material fact. (Opp'n to Mot. at 6.) However, Plaintiff makes clear in his opposition brief that his claims are based on an omission, not a misrepresentation. (*Id.* at 1, 5.) Therefore, any presumption of reliance that may arise in the case of a misrepresentation of a material fact does not apply here.

Next Plaintiff asserts this case is governed by *In re Tobacco II*, and thus he need not plead individual reliance on a specific misrepresentation or omission.

> In *Tobacco II*, the California Supreme Court held that, while a plaintiff alleging a UCL claim "must plead and prove actual reliance," the plaintiff "is not required to necessarily plead and prove individualized reliance on specific misrepresentations or false statements where, as here, those misrepresentations and false statements were part of an extensive and long-term advertising campaign."

*Opperman v. Path, Inc.*, 84 F.Supp.3d 962, 976 (N.D. Cal. 2015) (quoting *In re Tobacco II*, 46 Cal. 4th at 328). The scope of *In re Tobacco II* is narrow, however. *Tabler v. Panera*, No. 19-cv-01646-LHK, 2020 WL 3544988, at *8 (N.D. Calk. June 30, 2020). It only applies when a plaintiff alleges "'an advertising campaign that is similarly extensive and lengthy.'" *Hall v. Sea World Entertainment, Inc.*, No. 3:15-CV-660-CAB-RBB, 2015 WL 9659911, at *4 (S.D. Cal. Dec. 23, 2015) (quoting *Bronson v. Johnson & Johnson, Inc.*, No. C 12-0418 CRB, 2013 WL 1629191, at *3 (N.D. Cal. Apr. 16, 2013)).

Here, Plaintiff asserts he has alleged "a consistent and deceptive marketing scheme that has been ongoing" such that the *Tobacco II* exception applies. (Opp'n to Mot. at 7.) However, Plaintiff fails to allege when this "scheme" began and how long it has been underway. He also fails to specifically identify any advertisements or promotional material that have been part of this "scheme." In the absence of further details, this case does not

7

fall within the limited reach of *Tobacco II*. *See Gutierrez v. Johnson & Johnson Consumer Inc.*, No. 19-CV-1345 TWR (AGS), 2021 WL 822721, at *7 (S.D. Cal. Jan. 22, 2021) (finding conclusory statements insufficient to apply *Tobacco II* exception); *People for the Ethical Treatment of Animals v. Whole Foods Market California, Inc.*, No. 15-cv-04301 NC, 2016 WL 362229, at *5 (N.D. Cal. Jan. 29, 2016) (finding *Tobacco II* inapplicable when it was unclear "which signs and placards were deceptive advertising, [and] over what time period they were placed in the store and [the plaintiff] was exposed to them").

       Finally, Plaintiff argues he has plead reliance by alleging that had the omitted information been disclosed, he would have been aware of it and behaved differently. (Opp'n to Mot. at 7.)  Defendant agrees this is one way to prove reliance, (Reply at 4), but argues Plaintiff has not so alleged in his Complaint.  In Paragraph 6, however, Plaintiff states:  "Had Plaintiff been aware that Bill Pay would be automatically cancelled due to non-use of the Credit Card, Plaintiff would never have enrolled in the program." (Compl. ¶ 6.)  He also alleges that he "reasonably, and in good faith, relied upon the false and fraudulent representations made by Defendants regarding the Bill Pay program and [was] therefore, deprived of an opportunity to make informed decisions concerning enrolling [his] Credit Card in the Bill Pay program." (*Id.* ¶ 23.)  Based on these allegations, Plaintiff has adequately pleaded the reliance element for statutory standing.[3]

/ / /

/ / /

---

[3] Defendant raises one additional argument, namely, that Bank of America Corporation is not the proper defendant here.  According to Defendant, the proper defendant is Bank of America, N.A., which is a subsidiary of Bank of America Corporation and the entity that provides credit cards.  Plaintiff does not dispute this argument, and seems to agree that Bank of America Corporation was improperly named.  (*See* Opp'n to Mot. at 19) (describing "misnomer pointed out by Defendant").  The Court orders the parties to meet and confer forthwith on this issue.  If they agree Bank of America, N.A. is the proper party, then they shall file a joint motion for leave to file a First Amended Complaint that names Bank of America, N.A. as the Defendant in place of Bank of America Corporation.

### III.

### CONCLUSION

For the reasons set out above, Defendant's motion for judgment on the pleadings is granted in part and denied in part. Specifically, the Court grants the motion as to Plaintiff's claim under the CLRA, and denies the motion as to Plaintiff's other claims.

**IT IS SO ORDERED**.

Dated:  July 9, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court

23cv1756 DMS (SBC)